UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN RE:

    ARIEL ADUE,                                    CASE NUMBER: 8:09-bk-29849-KRM
    VERONICA ADUE,

        Debtors.
_____/

**DEBTORS' MOTION FOR RECONSIDERATION OF**
**ORDER GRANTING MOTION FOR RELIEF OF STAY**

ARIEL ADUE and VERONICA ADUE (**"Debtors"**) hereby file this Debtors' Motion for Reconsideration of Order Granting Motion for Relief of Stay (this **"Motion"**) seeking reconsideration of the Order Granting Motion For Relief From Stay by Carrington Mortgage Services, LLC (the **"Order"**) entered on April 19, 2010 (Document Number 25). In support of this Motion, Debtors state:

    1.    On December 31, 2009, Debtors filed a Voluntary Petition under Chapter 13 of the United States Bankruptcy Code initiating the above styled case.

    2.    In their Schedule A filed simultaneously with the Voluntary Petition initiating the above styled case, Debtors disclosed ownership of their homestead real property located at 655 Anclote Drive, Tarpon Springs, Florida 34689 (the **"Property"**).

    3.    On January 11, 2010, Debtors filed a Chapter 13 Plan which provides, *inter alia*, that Debtors will retain the Property, reaffirm the claim in favor of CARRINGTON MORTGAGE SERVICES, LLC (**"Creditor"**) and cure the arrearage that had accrued pre-petition.

4. 11 U.S.C. §1322(b)(3) and (5) specifically allow cure or any default pursuant to a Chapter 13 plan. Those sections provide in pertinent part that the Chapter 13 Plan may:

(3) provide for the curing or waiving of any default;
...
(5) ... provide for the curing of any default within a reasonable time and maintenance of payments while the case is pending on any ... secured claim on which the last payment is due after the date on which the final payment under the plan is due.

5. Debtors have proposed the Chapter 13 Plan in good faith and not by any means forbidden by law.

6. As of the date of this Motion, Debtors remain current in their monthly payments due under the Chapter 13 Plan.

7. On March 12, 2010, Creditor filed a Motion for Relief from Stay with negative notice. The Motion for Relief from Stay failed to provide any legal or factual basis in support of its request that relief from stay be granted beyond the bare assertions that Creditor is not adequately protected, that the Property lacks equity and that the mortgage had been in default since November 1, 2009. These claims are insufficient where a debtor seeks to cure a mortgage default pursuant to 11 U.S.C. §1322(b)(3) and (5).

8. In the Motion for Relief from Stay, Creditor did not allege that the Chapter 13 Plan had been filed in bad faith, Creditor did not allege that Debtors were delinquent in their payments to the Chapter 13 Trustee and Creditor has not objected to the Chapter 13 Plan which has not yet been confirmed.

9.  Insofar as the Chapter 13 Plan provides for a cure of any arrearage, Creditor's position that it lacks adequate protection in the Property is entirely without legal merit.

10. Moreover, in its Motion for Relief from Stay, Creditor conveniently failed to state that the Chapter 13 Plan provides for cure of the mortgage claim. Arguably, the filing of the Motion for Relief from Stay and service by negative notice may constitute a bad faith attempt to circumvent the protections set forth in the Bankruptcy Code designed to protect honest debtors seeking cure of mortgage arrears over the life of a Chapter 13 case.

11. Having filed a proof of claim on January 27, 2010, Creditor has already received a distribution pursuant to the Chapter 13 Plan.

12. Moreover, the Motion for Relief From Stay was filed in contravention of the Order Establishing Duties entered on January 21, 2010 (Document 19). Paragraph 6 of that order enumerates certain requirements of Debtors which "taken collectively shall constitute adequate protection" to secured creditors affording to Debtors continued use and possession of the Property. Subparagraph (j) specifically provides in pertinent part:

> (j) All disbursements of Trust Funds to a secured creditor as provided above, shall be deemed to be adequate protection payments. ...

13. As a result of inadvertence or excusable neglect, the undersigned counsel failed to respond to the Motion for Relief from Stay within the twenty-one (21) day period set forth therein. However, upon discovering entry of the Order, the undersigned counsel has acted diligently in preparing and filing this Motion.

14. Debtors, having meritorious defenses to the Motion for Relief from Stay and having acted diligently to seek vacation of the Order and the Motion for Relief from Stay lacking merit, the Order should be vacated.

WHEREFORE, Debtors move this Court for the entry of an order granting this Motion and vacating the Order (Document 25).

        /s/ Timothy B. Perenich
Timothy B. Perenich, Esquire
Florida Bar Number: 0909490
**PERENICH The Law Firm**
28059 US Highway 19 North, Suite 100
Clearwater, FL 33761
(727) 669-2828 telephone
(727) 669-2220 facsimile
Timothy@PerenichLaw.com
Attorney for Debtor

**Certificate of Service**

I HEREBY CERTIFY that a true, complete and correct copy of the foregoing has been furnished on April 21, 2010 by First Class United States Mail and/or electronic transmission to:

| | | |
|---|---|---|
| Terry E. Smith<br>P.O. Box 6099<br>Sun City Center, FL 33571 | United States Trustee<br>501 East Polk Street<br>Suite 1200<br>Tampa, FL  33602 | Lawrence M. Weisberg, Esquire<br>Greenfield & Coomber, P.A.<br>7000 West Palmetto Park Road<br>Suite 402<br>Boca Raton, FL 33433<br>Attorney for Creditor |

        /s/ Timothy B. Perenich
Timothy B. Perenich, Esquire
Attorney for Debtors